[Civ. No. 10806. Second Appellate District, Division Two.—May 19, 1936.]

MARGARET A. McKENNEY, Appellant, v. RAY L. RILEY, Controller, etc., et al., Respondents.

John E. McCall and Fred G. Goldsworthy for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondents.

McCOMB, J., *pro tem.*—This is an appeal from a judgment dismissing a petition for a writ of mandate after a demurrer thereto was sustained.

The facts are:

November 18, 1930, Tolson Transportation System, Inc., . purchased four trucks under a conditional sales contract from appellant's assignor, reserving legal title in the vendor.

The vendee operated the trucks as a common carrier on public highways of the state of California and became obligated to pay the state of California a tax pursuant to the provisions of section 3664aa of the Political Code. This tax has never been paid. Pursuant to section 3668c of the Political Code, the delinquent tax became a lien upon all property belonging to the vendee.

Appellant on or about March 9, 1935, repossessed the trucks, as the vendee was in default under its contract. The department of motor vehicles of the state of California thereafter refused to issue appellant a license for said trucks because the controller would not make an endorsement showing that all state taxes levied and assessed against the motor trucks were paid.

This is the sole question presented for determination:

*Is petitioner as legal owner of certain motor trucks entitled to a writ of mandate to compel the state controller to give a clearance pursuant to the requirements of the 1933 Tax Clearance Act (Stats. 1933, p. 937), if the trucks were used by a conditional vendee, in its business as a common carrier, and said vendee is indebted to the state for delinquent taxes assessed against it under section 3664aa of the Political Code?*

This question must be answered in the negative for the reason that *operative property* of a corporation subject to taxation pursuant to section 3664aa of the Political Code, is exempt from local taxes upon the basis of the use of the property, rather than upon its ownership. (*Third & Broadway Bldg. Co.* v. *County of Los Angeles,* 220 Cal. 660, 663 [32

Pac. (2d) 377].) ██ Hence it logically follows that, as *operative property*, irrespective of ownership, is taken as a basis for exemption from local taxation, such *operative property*, irrespective of ownership, is to be taken as a basis of taxation, pursuant to section 3664aa of the Political Code, and thus the statutory lien provided for in section 3668c of the Political Code, attaches to the *operative property* of the corporation irrespective of ownership; and until the tax lien is liquidated, the controller cannot be required to issue a tax clearance certificate. Therefore the ruling of the trial court was correct.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.